IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 30, 2007

## STATE OF TENNESSEE v. NAPOLEON JAMES MOORE, ALIAS

**Appeal from the Criminal Court for Knox County**
**No. 83961     Jerry Scott, Senior Judge**

_____

**No. E2007-00426-CCA-R3-CD - Filed December 4, 2007**

_____

The Defendant, Napoleon James Moore (alias), pled guilty to and was convicted of attempted possession of over .5 grams of cocaine with the intent to sell, a Class C felony. In accordance with his plea agreement, he was sentenced as a Range I, standard offender to five years in the Department of Correction. The manner of service of the sentence was left to the discretion of the trial court. On appeal, he argues that the trial court erred by denying probation. Following our review, we affirm the sentence of confinement ordered by the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and D. KELLY THOMAS, JR., JJ., joined.

Mark Stephens, District Public Defender, Knoxville, Tennessee, for the appellant, Napoleon James Moore, Alias.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Patricia Cristil, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

A Knox County grand jury indicted the twenty-three-year-old Defendant with the following four offenses: (1) possession of over .5 grams of cocaine with the intent to sell; (2) possession of over .5 grams of cocaine with the intent to deliver; (3) evading arrest; and (4) criminal trespass. The crimes were alleged to have been committed on June 15, 2005. He was released on bond, but he failed to appear on his initial court date. A warrant was issued for his arrest.

Subsequently, he pled guilty to attempted possession of over .5 grams of cocaine with the intent to sell, a lesser included offense of the first count of the indictment. In exchange for his guilty plea, the second possession of cocaine charge was merged into the first, and the remaining two charges were dropped. In accordance with the plea agreement, the trial court ordered a $2,000 fine,[1] declared him to be a Range I, standard offender, and fixed his punishment at five years. The trial court reserved judgment on alternative sentencing, pending receipt of a presentence report, and the Defendant was again released on bond.

The Defendant failed to appear at his sentencing hearing. Subsequently, the Defendant was arrested and brought before the trial court for a hearing on his application for probation. The presentence report presented to the trial court noted that he had a prior felony conviction for a drug related offense, three misdemeanor convictions for assault and criminal trespass, and a juvenile-offender history consisting of ten delinquency adjudications beginning when the Defendant was eleven years old. The presentence report also reflected that he had failed to adhere to the terms of a probationary sentence in the past, and the investigating officers ultimately concluded that the Defendant was a "high risk candidate for probation." The trial court also noted that, according to the presentence report, the Defendant had fathered five children whom he did not support and was employed for only one month from June of 2000 until January of 2006.

At the close of the hearing, the trial court denied probation, finding that it was "very clear" that the Defendant was "not a suitable candidate for probation." In addition, the following statement is included in the judgment of conviction regarding the court's decision to deny probation:

> The Defendant's application for probation [was] heard and the court having considered the evidence in the instant case and the report of the pre-sentence investigator, the court finds that all require the imprisonment of the Defendant for his own best interest and especially for the protection of the public. The Defendant's application for probation is hereby denied.

It is from the order of the trial court denying a sentencing alternative to incarceration that the Defendant appeals.

**Analysis**

On appeal, the Defendant contends that his "sentence is excessive and inconsistent with the sentencing considerations set out in the pertinent statutes." Specifically, the Defendant argues that he is presumed by Tennessee Code Annotated section 40-35-102 to be a favorable candidate for alternative sentencing options and that the trial court did not properly consider sentencing principles "involving rehabilitation and alternatives to incarceration . . . ." As such, he asserts that no presumption of correctness should be afforded the trial court's judgment and that this Court's review is therefore de novo. In addition, the Defendant avers that his prior record does not indicate a

---

[1] The Defendant expressly waived the constitutional monetary limit on judicially imposed fines.

lengthy history of previous criminal behavior, and although he failed to complete the probationary sentence previously imposed, it must be taken into account that he has never been treated for substance abuse.

A trial court must consider the following factors before imposing sentence on a defendant: (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002). To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001).

Upon a challenge to the sentence imposed, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If our review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are adequately supported by the record, then the presumption is applicable, and we may not modify the sentence even if we would have preferred a different result. See State v. Fletcher, 805 S.W. 2d 785, 789 (Tenn. Crim. App. 1991). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments; Arnett, 49 S.W.3d at 257.

A defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). The following considerations provide guidance regarding what constitutes "evidence to the contrary":

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Id. § 40-35-103(1).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Id. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. Id. § 40-35-103(5).

A defendant is eligible for probation if the actual sentence imposed upon the defendant is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. See Tenn. Code Ann. § 40-35-303(a). The trial court shall automatically consider probation as a sentencing alternative for eligible defendants; however, the defendant bears the burden of proving his or her suitability for probation. See id. § 40-35-303(b). No criminal defendant is automatically entitled to probation as a matter of law. See id. § 40-35-303(b), Sentencing Commission Comments; State v. Davis, 940 S.W.2d 558, 559 (Tenn. 1997). Rather, the defendant must demonstrate that probation would serve the ends of justice and the best interests of both the public and the defendant. See State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002).

In determining whether to grant probation, the court must consider the nature and circumstances of the offense; the defendant's criminal record; his or her background and social history; his or her present condition, both physical and mental; the deterrent effect on the defendant; and the defendant's potential for rehabilitation or treatment. See id. If the court determines that a period of probation is appropriate, it shall sentence the defendant to a specific sentence but then suspend that sentence and place the defendant on supervised or unsupervised probation either immediately or after the service of a period of confinement. See Tenn. Code Ann. §§ 40-35-303(c), -306(a).

In denying the Defendant's application, the trial court made a number of findings as to why he was not a suitable candidate for probation, including his substantial criminal history, failure to support his children, and his sporadic or nonexistent work history. Accordingly, based on our review of the record, we conclude that the trial court considered the relevant sentencing factors and the

presumption of correctness accompanies the trial court's determination. <u>See</u> <u>Fletcher</u>, 805 S.W.2d at 789. Moreover, we agree that a sentence of confinement is proper.

Notwithstanding the Defendant's arguments on appeal, the record supports incarceration in this case in order to protect society because the Defendant has a long history of criminal activity. <u>See</u> Tenn. Code Ann. § 40-35-103(1)(A). In addition, it is apparent from our review of the Defendant's presentence report that measures less restrictive than confinement have frequently and recently been applied unsuccessfully to the Defendant. <u>See</u> Tenn. Code Ann. § 40-35-103(1)(C). Moreover, the Defendant's failure to appear at two court proceedings in this matter, including his initial sentencing hearing, reflects poorly on his potential for rehabilitation. The Defendant's addiction issues may be treated in a correctional facility. We conclude that the trial court did not err or abuse his discretion by denying a sentencing alternative to incarceration.

## Conclusion

Based on our review of the record in this case, we affirm the sentence of confinement ordered by the trial court.

_____
DAVID H. WELLES, JUDGE